## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
## SAN ANTONIO DIVISION

| | | |
|---|---|---|
| SHAMIM MANAGEMENT, LLC, § | | |
|    Plaintiff, § | | |
| § | | |
| v. § | | CIVIL ACTION NO. 5:17-cv-1189 |
| § | | |
| GREAT LAKES REINSURANCE § | | |
| (U.K.) SE § | | |
|    Defendant. § | | |

### NOTICE OF REMOVAL

Defendant Great Lakes Insurance SE (formerly known as Great Lakes Reinsurance (UK) SE)[1] ("Great Lakes" or "Defendant") files this Notice of Removal pursuant to 28 U.S.C. §§ 1332, 1441 and 1446.

### I.   BACKGROUND

1.    On August 31, 2017, Plaintiff Shamim Management LLC ("Plaintiff") filed this action in the 73rd Judicial District Court of Bexar County, Texas, bearing Docket Number 2017CI16787 (the "State Court Action") against Great Lakes. Plaintiff's Original Petition (the "Complaint") is the live pleading in this case. (A copy of the Complaint is attached hereto in accordance with 28 U.S.C. § 1446(a) as **Exhibit C-2**).

2.    Plaintiff sued Great Lakes for alleged breach of contract, violation of Chapters 541 and 542 of the Texas Insurance Code, and breach of the duty of good faith and fair dealing for the alleged improper handling of an insurance claim regarding alleged damage to the property located at 1438 Mariposa Dr., Bexar County, San Antonio, Texas 78201.

3.    Great Lakes was served with Plaintiff's Original Petition on September 18, 2017. On October 12, 2017, Great Lakes filed its Original Answer.[2]

---

[1] Improperly named as "Great Lakes Reinsurance (U.K.) SE" in Plaintiff's Original Petition, but appearing in its correct capacity herein.

4. This case first became removable on October 25, 2017 when Plaintiff's counsel sent a demand letter to Defendant's counsel in which Plaintiff stated, for the first time, that it is seeking total damages in the amount of $293,220.12.[3]  Thus, this Notice of Removal is timely filed, it being filed no more than thirty days after Great Lakes received the demand letter from Plaintiff's counsel on October 25, 2017 from which Great Lakes could first ascertain that the amount in controversy requirement was met and, thus, federal jurisdiction existed.  *See* 28 U.S.C. §§ 1332(d)(7), 1441, 1446(b)(3).

## II.   BASIS FOR REMOVAL: DIVERSITY JURISDICTION

5. Removal of the state court action to this Court is proper pursuant to 28 U.S.C. §§ 1332 and 1441(a) and (b) because: (1) there is complete diversity between Plaintiff and Great Lakes, and (2) the amount in controversy exceeds $75,000, exclusive of interest and costs.

**A.   Complete diversity exists between Plaintiff and Great Lakes.**

6. Plaintiff's state court action may be removed to this Court because it arises under 28 U.S.C. § 1332.

7. Plaintiff is a limited liability company.  "[T]he citizenship of a LLC is determined by the citizenship of all of its members."[4]  According to Plaintiff's Certificate of Formation, its managing members are Shahab N. Butt and Zulfiqar Ahmed, both of whom reside in San Antonio, Texas.[5]  Therefore, Plaintiff is a citizen of Texas.

8. Defendant Great Lakes is a foreign non-admitted surplus lines insurer engaged in the business of insurance in the State of Texas, and is incorporated and has its principal place of business in Germany; therefore, Great Lakes is a citizen of Germany.

---

[2] *See* **Exhibit C-4**.
[3] *See* **Exhibit E**.
[4] *Harvey v. Grey Wolf Drilling Co*., 542 F.3d 1077, 1080 (5th Cir. 2008).
[5] *See* **Exhibit F**: Certificate of Formation.

9. Thus, there is complete diversity of citizenship between Plaintiff and Great Lakes.

**B.  Amount in Controversy Exceeds $75,000.**

10. This case was not removable when originally filed because Plaintiff had produced no evidence of the amount of damages it was seeking, it did not allege or request a specific amount of damages in its pleadings, and it only stated in its Complaint that, "[a]s required by Rule 47(c), Plaintiff seeks monetary relief of $100,000 or less, . . ."[6] Courts have routinely held this form statement alone, which is required by the Texas rules, does not satisfy the amount in controversy requirement to establish diversity jurisdiction.[7] Therefore, the amount in controversy requirement for diversity jurisdiction was not met at that time.

11. On October 25, 2017, Plaintiff's counsel sent a demand letter to Defendant's counsel in which, for the first time, Plaintiff stated it is seeking total damages in the amount of $293,220.12.[8] This demand letter establishes by a preponderance of the evidence that the amount in controversy far exceeds $75,000, thus satisfying the requirements for removal set forth in 28 U.S.C. § 1446(c)(2)(A)–(B).

### III.   VENUE

12. Venue for removal is proper in this district and division under 28 U.S.C. § 1441(a) because this district and division embrace the 73rd Judicial District Court of Bexar County, Texas, the forum in which the removed action was pending.

---

[6] **Exhibit C-2**.
[7] *See Oliver v. CitiMortgage, Inc.,* 2014 WL 285218, at *3 (N.D. Tex. Jan. 27, 2014); *Wilson v. JPMorgan Chase Bank, N.A.,* 2013 WL 5952576, at *8 (N.D. Tex. Nov. 7, 2013) ("an allegation that party is seeking 'monetary relief of $100,000 or less' is not tantamount to a claim that the party is seeking 'at least $75,000, exclusive of interest and costs' "); *Jackson v. Bank of Am., N.A.,* 2014 WL 2616872, at *8 (N.D. Tex. June 12, 2014) ("The paragraph in Plaintiff's complaint stating that he 'seeks monetary relief of $100,000 or less and non-monetary relief' merely conforms to Texas Rule of Civil Procedure 47, which requires plaintiffs to select one of five prescribed claims for relief and does not represent a request for a specific dollar amount of damages."); *Thelander v. Equifax Info. Servs. LLC,* No. 3:14-CV-2650-P, 2014 WL 12596971, at *2 (N.D. Tex. Dec. 18, 2014) (holding that the disclosure that "Plaintiff seeks only monetary relief of $100,000 or less" pursuant to Rule 47 of the Texas Rules of Civil Procedure "does not indicate that the amount in controversy exceeds $75,000").
[8] *See* **Exhibit E**.

## IV.    ADDITIONAL REQUIREMENTS

13. Great Lakes has provided notice to Plaintiff through delivery of a copy of this Notice and the state court Notice of Filing of Notice of Removal to Plaintiff's counsel of record, and has also provided notice to the Clerk of Court for the 73rd Judicial District Court of Bexar County, Texas through the filing of this Notice and the Notice of Filing of Notice of Removal into the record of the state court action.

14. Copies of all pleadings, process, orders, request for trial by jury, and other filings in the state-court suit are attached to this notice as required by 28 U.S.C. § 1446(a).[9]

15. Pursuant to Federal Rule of Civil Procedure 81 and 28 U.S.C. § 1446(a), this Notice of Removal is accompanied by copies of the following:

| | |
|---|---|
| **Exhibit A**: | Listing of All Parties and Counsel of Record; |
| **Exhibit B**: | Civil Cover Sheet; |
| **Exhibit C**: | Index of All Documents Filed in State Court Action; |
| **Exhibits C-1 - C-5**: | Copies of all filings in State Court Action and State Court Docket Sheet; |
| **Exhibit D**: | List of Action Being Removed; |
| **Exhibit E**: | DTPA Demand letter; |
| **Exhibit F**: | Certificate of Formation. |

WHEREFORE, Defendant, Great Lakes Insurance SE (formerly known as Great Lakes Reinsurance (UK) SE), prays that this matter be removed to the United States District Court for the Western District of Texas, San Antonio Division, for further proceedings and disposition.

---

[9] *See* **Exhibit C**:  Index of All Documents Filed in State Court Action.

Respectfully submitted,

By: */s/ Valerie Henderson*
**Eddy De Los Santos**
Texas Bar No. 24040790
Federal ID No. 602417
**Valerie Henderson**
Texas Bar No. 24078655
Federal ID No. 1392550
**BAKER, DONELSON, BEARMAN,
CALDWELL & BERKOWITZ. P.C.**
1301 McKinney Street, Suite 3700
Houston, Texas 77010
(713) 650-9700 - Telephone
(713) 650-9701 - Facsimile

*Attorneys for Defendant Great Lakes Insurance SE (formerly known as Great Lakes Reinsurance (UK) SE)*

## CERTIFICATE AND NOTICE OF FILING

I certify that on November 20, 2017, the Notice of Removal was sent to the District Clerk of Bexar County, Texas, and that written notice of filing of the Notice of Removal was served via certified mail, return receipt requested, upon the attorney of record for Plaintiff.

*/s/ Valerie Henderson*
Valerie Henderson

## CERTIFICATE OF SERVICE

IT IS HEREBY CERTIFIED that on November 20, 2017, the foregoing Notice of Removal was served on counsel for Plaintiff via Certified Mail, Return Receipt Requested, pursuant to the Federal Rules of Civil Procedure.

Marc K. Whyte
Whyte PLLC
1045 Cheever Blvd., Suite 103
San Antonio, Texas 78217
**CM/RRR #:  7014 2870 0000 2457 1897**

*/s/ Valerie Henderson*
Valerie Henderson