# EXHIBIT C

## INDEX OF ALL DOCUMENTS FILED IN STATE COURT ACTION

| EXHIBIT | DATE FILED | DOCUMENT TITLE |
|---|---|---|
| C-1 | | STATE COURT DOCKET SHEET |
| C-2 | 8/31/2017 | PLAINTIFF'S ORIGINAL PETITION |
| C-3 | 09/13/2017 | CITATION |
| C-4 | 10/12/2017 | DEFENDANT'S ORIGINAL ANSWER |
| C-5 | 11/09/2017 | LETTER WITH COPY ORDER |



# Case #2017CI16787

**Name:**

**Date Filed** : 08/31/2017

**Case Status** : PENDING

**Litigant Type** : PLAINTIFF

**Court** : 073

**Docket Type** : DEBT/CONTRACT

**Business Name** : SHAMIM MANAGEMENT LLC

**Style** : SHAMIM MANAGEMENT LLC

**Style (2)** : vs GREAT LAKES REINSURANCE (UK) SE

**EXHIBIT C-1**

# Case History

*Currently viewing 1 through 7 of 7 records*

| Sequence | Date Filed | Description |
|---|---|---|
| P00006 | 11/13/2017 | EMAILED COPY OF: CITATION TO; BAKER, DONELSON, BEARMAN, C ALDWELL & BERKOWITZ, PC |
| P00005 | 11/9/2017 | LETTER TO DISTRICT CLERK FR: BAKER DONELSON |
| P00004 | 10/12/2017 | ORIGINAL ANSWER OF GREAT LAKES INSURANCE SE (FORMERLY KNOWN AS GREAT LAKES REINSURANCE (UK) SE) |
| S00001 | 9/13/2017 | CITATION CERTIFIED MAIL GREAT LAKES REINSURANCE (UK) SE ISSUED: 9/13/2017 RECEIVED: 9/13/2017 EXECUTED: 9/18/2017 RETURNED: 9/20/2017 |
| P00003 | 8/31/2017 | SERVICE ASSIGNED TO CLERK 1 |
| P00002 | 8/31/2017 | JURY FEE PAID |
| P00001 | 8/31/2017 | PET FOR HAIL DAMAGE COMMERCIAL WITH JURY DEMAND |

FILED
8/31/2017 6:20 PM
Donna Kay McKinney
Bexar County District Clerk
Accepted By: Maria Abilez

CITBYCML W/JD SAC1

CAUSE NO. **2017CI16787**

| | | |
|---|---|---|
| SHAMIM MANAGEMENT LLC | § | IN THE DISTRICT COURT |
| *Plaintiff,* | § | |
| | § | |
| VS. | § | **73RD** ___ JUDICIAL DISTRICT |
| | § | |
| GREAT LAKES | § | |
| REINSURANCE (U.K.) SE | § | |
| *Defendant.* | § | BEXAR COUNTY, TEXAS |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

    **SHAMIM MANAGEMENT LLC**, Plaintiff herein, files this Original Petition against Defendant, GREAT LAKES REINSURANCE (U.K.) SE ("GREAT LAKES"), and, in support of their causes of action, would respectfully show the Court the following:

### I. AMOUNT IN CONTROVERSY AND DISCOVERY CONTROL PLAN FOR

### EXPEDITED LAWSUIT PURSUANT TO TRCP 169

    1.    Plaintiff seeks monetary relief of $100,000 or less, and thus this case should be administered pursuant to TRCP 169. Therefore, Plaintiff intends to conduct discovery pursuant to TRCP 190.2.

### II. MOTION TO COMPEL MEDIATION

### PURSUANT TO §541.161 OF THE TEXAS INSURANCE CODE

    2.    Plaintiff(s) are seeking relief pursuant to §541 and §542 of the Insurance Code. Therefore, pursuant to §541.161, the Plaintiff(s) files this Motion to Compel Mediation. Section 541.161 specifically states that the Court shall, not later than the 30th day after the motion is filed, sign an Order setting the time and place of the mediation. The Court shall appoint a mediator if the parties do not agree. The mediation must be held not later than the 30th day after the Order is signed.

1

**EXHIBIT C-2**

### III. PARTIES

3.      Plaintiff is a Texas resident who resides and conducts business in BEXAR County, Texas.  Said property is located at: <u>1438 Mariposa Dr., San Antonio, Texas 78201</u>.

4.      GREAT LAKES REINSURANCE (U.K.) SE is an insurance company authorized to engage in the insurance business in the State of Texas, and who issued a policy of insurance to Plaintiff named above.  The Defendant may be served by serving **the Commissioner of Insurance, Texas Department of Insurance, 333 Guadalupe Street, Austin, Texas 78701;** <u>**WHO SHALL THEN SERVE**</u> **Drinker Biddle, 1177 Avenue of the Americas FL 41, New York, NY 10036-2714.  Service is requested by certified mail, return receipt requested at this time for** <u>**both**</u> **Citations to the Commissioner of Insurance and Drinker Biddle.**

### IV. CLAIM FOR RELIEF

5.      As required by Rule 47(b), Texas Rules of Civil Procedure, Plaintiff's counsel states that the damages sought are in an amount within the jurisdictional limits of this Court. As required by Rule 47(c), Texas Rules of Civil Procedure, Plaintiff's counsel states that Plaintiff are seeking monetary relief of $100,000 or less, including damages of any kind, penalties, costs, expenses, prejudgment interest, and attorney's fees. A jury, however, will ultimately determine the amount of monetary relief actually awarded. Plaintiff also seek pre-judgment and post-judgment interest at the highest legal rate.

### V. JURISDICTION AND VENUE

6.      This court has subject matter jurisdiction of this cause of action because it involves an amount in controversy in excess of the minimum jurisdictional limits of this Court. No diversity of citizenship exists in this matter.

7.      Venue is proper in BEXAR County under Tex. Civ. Prac. & Rem. Code §15.002(a)(1) because all or a substantial part of the events or omissions giving rise to the claim

occurred in said County. In particular, the loss at issue occurred in this County.

## VI. FACTUAL BACKGROUND

8.      Plaintiff is a named insured under a commercial property insurance policy issued by Defendant, GREAT LAKES REINSURANCE (U.K.) SE.

9.      On or about APRIL 12, 2016, a storm hit the BEXAR County area, damaging Plaintiff's commercial property.  Plaintiff subsequently filed a claim on their insurance policy.

10.     Defendant improperly denied and/or underpaid the claim.

11.     The named Defendant and its adjusters assigned on  the  claim,  conducted  a substandard investigation and inspection of the property, prepared a report that failed to include all of the damages that were noted during the inspection, and undervalued the damages observed during the inspection.

12.     The named Defendant and its adjusters' unreasonable investigation led to the underpayment and/or no payment of Plaintiff's claim.

13.     Moreover, GREAT LAKES REINSURANCE (U.K.) SE and its adjusters performed an outcome-oriented investigation of Plaintiff's claim, which resulted in a biased, unfair and inequitable evaluation of Plaintiff's losses on the property.

## VII. CAUSES OF ACTION

14.     Each of the foregoing paragraphs is incorporated by reference in the following:

## I.    Breach of Contract (GREAT LAKES REINSURANCE (U.K.) SE)

15.      GREAT LAKES REINSURANCE (U.K.) SE had a contract of insurance with Plaintiff.  GREAT LAKES REINSURANCE (U.K.) SE breached the terms of that contract by wrongfully denying and/or underpaying the claim and Plaintiff was damaged thereby.

## II.   Prompt Payment of Claims Statute (GREAT LAKES REINSURANCE (U.K.) SE)

16.     The failure of GREAT LAKES REINSURANCE (U.K.) SE to pay for the losses

and/or to follow the statutory time guidelines for accepting or denying coverage constitutes a violation of Article 542.051 *et seq.* of the Texas Insurance Code.

  17.  Plaintiff, therefore, in addition to Plaintiff's claim for damages is entitled to 18% interest and attorneys' fees as set forth in Article 542.060 of the Texas Insurance Code.

**III.  Unfair Settlement Practices / Bad Faith (GREAT LAKES REINSURANCE (U.K.) SE)**

  18.  Defendant is required to comply with Chapter 541 of the Texas Insurance Code.

  19.  Defendant violated § 541.051 of the Texas Insurance Code by:

    (1)  making statements misrepresenting the terms and/or benefits of the policy.

  20.  Defendant violated § 541.060 by:

    (1)  misrepresenting to Plaintiff a material fact or policy provision relating to coverage at issue;

    (2)  failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim with respect to which the insurer's liability had become reasonably clear;

    (3)  failing to promptly provide to Plaintiff a reasonable explanation of the basis in the policy, in relation to the facts or applicable law, for the insurer's denial of a claim or offer of a compromise settlement of a claim;

    (4)  failing within a reasonable time to affirm or deny coverage of a claim to Plaintiff or submit a reservation of rights to Plaintiff; and

    (5)  refusing to pay the claim without conducting a reasonable investigation with respect to the claim;

  21.  Defendants violated § 541.061 by:

    (1)  making an untrue statement of material fact;

    (2)  failing to state a material fact necessary to make other statements made not misleading considering the circumstances under which the statements were made;

(3)     making a statement in a manner that would mislead a reasonably prudent person to a false conclusion of a material fact;

(4)     making a material misstatement of law; and

(5)     failing to disclose a matter required by law to be disclosed.

22.     At all material times hereto, Plaintiff was a consumer who purchased insurance products and services from Defendant.

## IV.    Breach of Duty of Good Faith and Fair Dealing Against GREAT LAKES REINSURANCE (U.K.) SE

23.     Defendant, GREAT LAKES REINSURANCE (U.K.) SE, breached the common law duty of good faith and fair dealing owed to Plaintiff by denying or delaying payment on the Claim when GREAT LAKES knew or should have known liability was reasonably clear. Defendant, GREAT LAKES is therefore liable to Plaintiff.

## V.    Attorneys' Fees

24.     Plaintiff engaged the undersigned attorneys to prosecute this lawsuit against Defendant and agreed to pay reasonable attorneys' fees and expenses through trial and any appeal.

25.     Plaintiff are entitled to reasonable and necessary attorney's fees pursuant to TEX. CIV. PRAC. & REM. CODE §§ 38.001-38.003 because Plaintiff is represented by an attorney, presented the claim to Defendant, and Defendant did not tender the just amount owed before the expiration of the 30th day after the claim was presented.

26.     Plaintiff further prays that she be awarded all reasonable attorneys' fees incurred in prosecuting her causes of action through trial and any appeal pursuant to Sections 541.152 of the Texas Insurance Code.

## VIII. CONDITIONS PRECEDENT

27.     All conditions precedent to Plaintiff's right to recover have been fully performed,

or have been waived by Defendants.

## IX. DEMAND FOR JURY

28.     Pursuant to Rule 216 of the Texas Rules of Civil Procedure, Plaintiff herein requests a jury trial and along with the filing of the Original Petition has tendered to the Clerk of the Court the statutory jury fee.

## X. PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff herein pray that, upon final hearing of the case, they recover all damages from and against Defendant that may reasonably be established by a preponderance of the evidence, and that Plaintiff be awarded attorneys' fees through trial and appeal, costs of court, pre-judgment interest, post-judgment interest, and such other and further relief, general or special, at law or in equity, to which Plaintiff may show himself to be justly entitled.

Respectfully submitted,

**WHYTE PLLC**
1045 Cheever Blvd., Suite 103
San Antonio, Texas  78217
Telephone:     (210) 562-2888
Facsimile:     (210) 562-2873
Email: mwhyte@whytepllc.com
Email: nlopez@whytepllc.com

By: _M. K. Whyte_____
MARC K. WHYTE
State Bar No. 24056526

**ATTORNEY FOR PLAINIFF**

6

# Exhibit A

# 68881

| | | |
|---|---|---|
| IN RE: | § | IN THE DISTRICT COURT OF |
| | § | |
| BEXAR H A I L | § | |
| | § | BEXAR COUNTY, TEXAS |
| COMMERCIAL | § | |
| | § | |
| CLAIM LITIGATION | § | CIVIL JUDICIAL DISTRICT COURTS |

## STANDING PRETRIAL ORDER CONCERNING
## BEXAR COUNTY COMMERCIAL HAIL CLAIMS

This order applies to pretrial matters in commercial property insurance cases filed in the District Courts of Bexar County, Texas that involve insurance disputes arising from the hail storms occurring in Bexar County in April and May of 2016. The purpose of this order is to expedite pretrial matters, discovery and mediation in order to minimize court costs and litigation expenses.

This order shall be posted on the Bexar County District Clerk website and shall be attached to the Original Petition of applicable cases. All attorneys and parties should endeavor to notify others about this order.

Parties seeking to be excused from any part of this order must set a hearing and request relief from the court.

**AUTOMATIC ABATEMENT** – The filing of an original answer by the commercial insurance carrier shall trigger an immediate and automatic abatement. The case shall remain abated until 30 days after a mediation impasse.

The abatement period will apply to all court ordered deadlines and Rule 190 discovery deadlines. The abatement period will not apply to the deadlines in this order or to any statutory deadline, interest or penalties that may apply under any statutory code or law. The parties may send written discovery during the abatement time period, however, the responses and objections to those discovery requests will not be due until 30 days after the end of the abatement period.

**MEDIATION** – The parties shall agree to a mediator and to a mediation date. An Agreed Mediation Order, in the form attached, shall be filed with the court within 120 days after the answer is filed.

Within 15 days of an unsuccessful mediation, the parties will submit a proposed Agreed Scheduling Order to the court.

**DISCOVERY** – Within 120 days of the filing of an answer by the commercial insurance carrier, the parties will use their best efforts to exchange information and documentation pertaining to the commercial property, including the following: expert reports, engineering reports, estimates of damage or repairs; contents lists for contents damage claim(s); photographs; repair receipts or invoices; the non-privileged portions of the commercial insurance carrier and adjusting company's claims file (including all claim diary notes, activity logs, loss notes and email correspondence regarding the insurance claim); payment ledger, payment log and/or proof of payment from the insurance carrier; a copy of the insurance policy in effect at the time of the respective storm claim(s); and the non-privileged portions of the underwriting file. If the insurance carrier is not in possession of the adjusting company's/adjuster's claims file, and the adjusting company/adjuster is not named as a party in the lawsuit and represented by separate counsel, then the insurance carrier shall seek the adjusting company's claims file and use their best efforts to exchange this information within the 120 day time period. The insurance carrier is also ordered to notify

# 68881

# 68881

the independent adjusting company that all emails, activity notes and loss diary notes pertaining to the hail storm claim in litigation shall be preserved and not destroyed. Finally, a privilege log will also be produced in accordance with the Texas Rules of Civil Procedure for any redactions or privileges asserted. Within 180 days of the filing of an answer by the commercial insurance carrier, the parties will use their best efforts to exchange accounting and financial documentation and other information pertaining to any claims for business interruption, loss of business income, lost profits, inventory or food loss (provide list with values), lost business expense, accounts receivable and any other business loss claim.

Any expert reports, engineering reports, contractor estimates or any other estimates of damages or repairs obtained pursuant to this order for settlement, demand, or mediation purposes and exchanged prior to mediation shall be for mediation purposes only and shall be considered confidential, except that any estimates and/or reports that are part of the claims file, which were obtained or prepared during the claims handling, shall not be considered confidential under this paragraph. However, if a consultant, whose report is produced for mediation, is designated as a retained testifying expert and does not produce a subsequent report for use at trial, the mediation report shall not remain confidential.

Confidential reports and estimates are only confidential for the lawsuit in which they are being used. Confidential expert reports designated for mediation purposes shall be returned to the providing party within 14 days of a written request. Such reports shall not be discoverable or admissible at trial or any hearing. If the party procuring the report designates the expert to testify, such party shall have the right to prevent discovery or testimony by the expert regarding the mediation report and any opinions therein, provided that a subsequent report is produced. The procuring party may use data such as measurements and photographs without waiving this privilege. Nothing herein shall prohibit the use of those reports and estimates in any subsequent insurance claims or lawsuits involving the same commercial insurance carrier.

Once a mediation date and mediator are agreed to by all parties, the commercial insurance carrier shall be permitted to inspect the property involved in the lawsuit (as soon as practicable) prior to mediation. If mediation is unsuccessful, the commercial insurance carrier and other defendants may re-inspect the property with the same, new or additional experts pursuant to the Texas Rules of Civil Procedure.

Signed on November 30, 2016


_Michael E. Mery_
Michael Mery, Judge
37th District Court


_Stephani A. Walsh_
Stephani Walsh, Judge
45th District Court


_Antonia Arteaga_
Antonia Arteaga, Judge
57th District Court


_David A. Canales_
David A. Canales, Judge
73rd District Court

# 68881

68881

John D. Gabriel, Jr., Judge
131st District Court

Renée Yanta, Judge
150th District Court

Laura Salinas, Judge
166th District Court

Cathleen Stryker, Judge
224th District Court

Peter Sakai, Judge
225th District Court

Richard Price, Judge
285th District Court

Sol Casseb III, Judge
288th District Court

Karen H. Pozza, Judge
407th District Court

Larry Noll, Judge
408th District Court

Gloria Saldaña, Judge
438th District Court

3

68881

# 68881

## AGREED MEDIATION ORDER

Pursuant to the Standing Pretrial Order Concerning Bexar County Commercial Hail Claims, the parties agree to the following mediation date and mediator:

Date: _____

Mediator: _____

The court, hereby, approves and orders the above date and mediator as agreed by the parties.

Each side shall pay an equal portion of the mediation fee.

All parties must have in attendance a representative with full authority to enter into a final settlement agreement. The following shall be personally in attendance at the mediation until excused by the mediator:

    1.    An attorney of record for each party, unless the party is self-represented.

    2.    All individual parties, either plaintiff or defendant, except that individual defendant adjusters and insurer employee defendants are not ordered to attend so long as a representative with full authority to negotiate and settle on their behalf is present.

    3.    A representative of each non-individual party, unless the parties agree otherwise in writing.

Signed and entered on _____, 2016.

_____
Judge Presiding

4

# 68881

CERTIFIED MAIL #70163010000045825420

**Case Number: 2017-CI-16787**

2017CI16787   S00001

**SHAMIM MANAGEMENT LLC**

     **vs.**

**GREAT LAKES REINSURANCE (UK) SE**

(Note: Attached document may contain additional litigants).

IN THE DISTRICT COURT
73rd JUDICIAL DISTRICT
BEXAR COUNTY, TEXAS

**CITATION**

**"THE STATE OF TEXAS"**

**DIRECTED TO:**   GREAT LAKES REINSURANCE (UK) SE
BY SERVING THE COMMISSIONER OF INSURANCE, TEXAS DEPARTMENT
OF INSURANCE

                1177 AVENUE OF THE AMERICAS FL 41
                NEW YORK NY 10036-2714



FILED
1:58 O'CLOCK PM
SEP 20 2017
DONNA KAY McKINNEY
District Clerk, Bexar County, Texas
DEPUTY

"You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this CITATION and ORIGINAL PETITION , a default judgment may be taken against you." Said CITATION with ORIGINAL PETITION was filed on the 31st day of August, 2017.

ISSUED UNDER MY HAND AND SEAL OF SAID COURT ON THIS 13TH DAY OF September A.D., 2017.

MARC K WHYTE
ATTORNEY FOR PLAINTIFF
1045 CHEEVER BLVD 103
SAN ANTONIO, TX 78217-6339

**Donna Kay McKinney**
Bexar County District Clerk
101 W. Nueva, Suite 217
San Antonio, Texas 78205

By : *Christopher Morrow,* Deputy

---

SHAMIM MANAGEMENT LLC
vs
GREAT LAKES REINSURANCE (UK) SE

**Officer's Return**

Case Number: 2017-CI-16787
Court: 73rd Judicial District Court

Came to hand on the 13th day of September 2017, A.D., at 9:59 o'clock A.M. and EXECUTED (NOT EXECUTED) by CERTIFIED MAIL, on the ____ day of September 20 17 by delivering to: Texas Department of Insurance McKin at 1177 AVENUE OF THE AMERICAS FL 41 NEW YORK NY 10036-2714 a true copy of this Citation, upon which I endorsed that date of delivery, together with the accompanying copy of the CITATION with ORIGINAL PETITION .

Cause of failure to execute this Citation is _____

**Donna Kay McKinney**
Clerk of the District Courts of
Bexar County, TX
By : *Christopher Morrow,* Deputy

RETURN TO COURT (DK003)

DOCUMENT SCANNED AS FILED

# EXHIBIT C-3



**U.S. Postal Service™**
**CERTIFIED MAIL® RECEIPT**
*Domestic Mail Only*

For delivery information, visit our website at *www.usps.com*®.

OFFICIAL USE

Certified Mail Fee
$

Extra Services & Fees *(check box, add fee as appropriate)*
☐ Return Receipt (hardcopy)          $
☐ Return Receipt (electronic)        $
☐ Certified Mail Restricted Delivery $
☐ Adult Signature Required           $
☐ Adult Signature Restricted Delivery $

Postage

GREAT LAKES REINSURANCE (UK) SE
 C/O TEXAS COMMISSIONER OF INSURANCE
 333 GUADALUPE STREET
AUSTIN, TEXAS, 78701

2017CI16787  9/13/2017  CITCM  CHRISTOPHER MORROW

PS Form 3800, April 2015 PSN 7530-02-000-9047      See Reverse for Instructions

7016 3010 0000 4582 5420

SENDER: COMPLETE THIS SECTION

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

COMPLETE THIS SECTION ON DELIVERY

A. Signature

X

☐ Agent
☐ Addressee

B. Received by (Printed Name) | C. Date of Delivery

GREAT LAKES REINSURANCE (UK)
C/O TEXAS COMMISSIONER OF INSURANCE
333 GUADALUPE STREET
AUSTIN, TEXAS, 78701

2017CI16787  9/13/2017  CITCM  CHRISTOPHER MORROW

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

RECEIVED
SEP 18 2017
TEXAS DEPT. OF INSURANCE
MAIL SERVICES

9590 9402 1534 5362 0668 76

2. Article Number (Transfer from service label)

7016 3010 0000 4582 5420

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2015 PSN 7530-02-000-9053    DOCUMENT SCANNED AS FILED    Domestic Return Receipt



USPS TRACKING #

9590 9402 1534 5362 0668 76

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

**United States**
**Postal Service**



• Sender: Please print your name, address, and ZIP+4® in this box•

Donna Kay McKinney
Bexar County District Clerk
101 W. Nueva, Suite 217
San Antonio, TX 78205

FILED
10/12/2017 3:49 PM
Donna Kay McKinney
Bexar County District Clerk
Accepted By: Belinda Sanchez

**Cause No. 2017-CI-16787**

| | | |
|---|---|---|
| **SHAMIM MANAGEMENT, LLC,** | § | **IN THE DISTRICT COURT** |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **73RD JUDICIAL DISTRICT** |
| | § | |
| **GREAT LAKES REINSURANCE** | § | |
| **(UK) SE,** | § | |
| **Defendant.** | § | **BEXAR COUNTY, TEXAS** |

## DEFENDANT'S ORIGINAL ANSWER

Defendant Great Lakes Insurance SE (formerly known as Great Lakes Reinsurance (UK) SE)[1] files its original answer to Plaintiff Shamim Management, LLC's Original Petition.

## I.   GENERAL DENIAL

Defendant asserts its general denial as authorized by Rule 92 of the Texas Rules of Civil Procedure to the allegations contained in Plaintiff's Petition, and any amendments or supplements thereto, and upon trial of this case will require Plaintiff to prove each and every allegation asserted against it by a preponderance of the evidence, as is required by the laws of this State of Texas and the Constitution of the United States.

Defendant reserves the right to amend and/or supplement this answer.

## II.   PRAYER

WHEREFORE, PREMISES CONSIDERED, Defendant respectfully requests the Court enter judgment that Plaintiff takes nothing in its suit, the Court enter an order dismissing Plaintiff's suit with prejudice, Defendant recover its costs and attorneys' fees, and for all other relief to which Defendant may be justly entitled.

---

[1] Improperly named as "Great Lakes Reinsurance (U.K.) SE" in Plaintiff's Original Petition, but appearing in its correct capacity herein.

**EXHIBIT C-4**

Respectfully submitted,

By: */s/ Valerie Henderson*
    **Eddy De Los Santos**
    Texas Bar No. 24040790
    **Valerie Henderson**
    Texas Bar No. 24078655
    **BAKER, DONELSON, BEARMAN,**
    **CALDWELL & BERKOWITZ. P.C.**
    1301 McKinney Street
    Suite 3700
    Houston, Texas 77010
    (713) 650-9700 - Telephone
    (713) 650-9701 - Facsimile

    *Attorneys for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that on October 12, 2017, a true and correct copy of the foregoing was served on the following counsel pursuant to the Texas Rules of Civil Procedure:

Marc K. Whyte
Whyte, PLLC
1045 Cheever Blvd, Suite 103
San Antonio, Texas 78217
Facsimile: 210-562-2873

    */s/ Valerie Henderson*
    Valerie Henderson

FILED
11/9/2017 2:16 PM
Donna Kay McKinney
Bexar County District Clerk
Accepted By: Roxanne Araiza



BAKER DONELSON
BEARMAN, CALDWELL & BERKOWITZ, PC

1301 MCKINNEY STREET
SUITE 3700
HOUSTON, TEXAS 77010

PHONE:   713.650.9700
FAX:        713.650.9701

www.bakerdonelson.com

November 9, 2017

**VIA EFILE**

Donna Kay McKinney
Bexar County District Clerk
101 W. Nueva, Suite 217
San Antonio, TX 78205-3411

> Re:   Cause No. 2017-CI-16787; *Shamim Management, LLC v. Great Lakes Reinsurance (UK) SE;* In the 73rd Judicial District Court of Bexar County, Texas

Dear Ms. McKinney:

I would like to request a non-certified copy of the citation in reference to the above mentioned matter.  Please email a copy to cbravo@bakerdonelson.com.

Thank you for your assistance. If you have any questions or require additional information, please do not hesitate to contact our office.

Sincerely,

BAKER, DONELSON, BEARMAN,
CALDWELL & BERKOWITZ, PC

*/s/ Cecilia Bravo*

Cecilia Bravo
Legal Secretary to Valerie Henderson

:cab

4821-6778-7092 v1
2919518-000106

ALABAMA • FLORIDA • GEORGIA • LOUISIANA • MARYLAND • MISSISSIPPI • SOUTH CAROLINA • TENNESSEE • TEXAS • VIRGINIA • WASHINGTON,

# EXHIBIT C-5